■ In the Matter of the Claim of SAMUEL ABELOWITZ, Respondent, v. STERLING TOOL Co., INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board holding appellants liable for an award for claimant's loss of hearing rather than the Special Fund for Reopened Cases (Workmen's Compensation Law, § 25-a). The award to claimant is not disputed; the sole issue raised here being who is responsible for the payment of such award. On

October 20, 1952 claimant applied for compensation for an occupational loss of hearing and a physician's report dated November 10, 1952 supported such a claim. On November 5, 1953 a Referee ruled in favor of claimant and continued the case. Nothing of import ensued until June of 1959 when a Referee determined that since section 49-bb of the Workmen's Compensation Law provides that compensation for occupational loss of hearing is only payable six months after separation from employment the claim was premature and "closed" the case "on all previous findings." In February, 1961 claimant ceased employment and in November sought to reassert his claim, and this was permitted and an award eventually rendered. In denying appellants' contention that the award be made against the Special Fund the board has found that the case had never in fact been closed since further proceedings were contemplated. Appellants, however, urge that the Referee's 1959 disposition closed the case as to the 1952 application and that therefore since more than seven years from the date of the injury had passed and since an award had not previously been rendered the Special Fund should bear the liability by virtue of subdivision 1 of section 25-a. In *Matter of Casey* v. *Hinkle Iron Works* (299 N. Y 382) the Court of Appeals, after pointing out that liability is assessable against the Special Fund only when the case is closed and subsequently reopened by fresh application, stated (p. 385): "For the purpose of section 25-a, a case is closed when it has been referred to the abeyance file because no further proceedings were foreseen. Such a case is to be distinguishd from one held in abeyance pending the completion of a defective application for compensation, when hearings are to be held". Here it is readily evident that the board could conclude that no award was made because the application was defective for failure to comply with section 49-bb and that further proceedings were contemplated when this defect was cured. Furthermore, this conclusion is not necessarily negated by the use of the word "closed" in the Referee's oral decision or by the characterization of new hearings as "reopening" (*Matter of Diskin* v. *99 Wall St. Corp.*, 279 App. Div. 1103, mot. for lv. to app. den. 304 N. Y. 986). We pass on no other issues raised. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.